IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUSTAVO CEDENO,

    Plaintiff,

v.                                                                    No. 20-cv-0593 JB/SMV

GEO CORPORATION STATE PRISON NEW MEXICO,
CORRECTIONS OFFICER STAFF,
GEO CORPORATION NEW MEXICO MEN'S REHAB,
and MRS. ALFARO,

    Defendants.[1]

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

    THIS MATTER is before the Court on Plaintiff's Motion to Appoint Counsel [Doc. 5], filed on July 9, 2020. In this 42 U.S.C. § 1983 action, Plaintiff is incarcerated, proceeding pro se, and proceeding *in forma pauperis*. [Doc. 9]. In his Motion to Appoint Counsel, he reports that he lacks sufficient knowledge in civil law, has limited resources, and that his in-house requests are not answered in a timely manner. [Doc. 5] at 1. The Court will deny the Motion.

    Federal courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases, such as this one. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Where, as here, a plaintiff has been granted leave to proceed *in forma pauperis*, the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to appointment of counsel in a civil case. *Beaudry v. Corrs. Corp. of*

---

[1] Plaintiff's Complaint names Defendant No. 1 as "Geo Corp. State Prison NM (Santa Rosa) Medical Dept/Correct. Officer Staff" and Defendant No. 2 as "Geo Corp. New Mexico Men's Rehab Medical Dept/Mrs. Alfaro." [Doc. 1] at 2. The Court will liberally construe the entire Complaint, including the identification of Defendants, on § 1915A screening. *See* 28 U.S.C. § 1915A.

*Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985)).

The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. At this time, prior to the completion of the mandatory screening under 28 U.S.C. § 1915A, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner thus far. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion to Appoint Counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Appoint Counsel [Doc. 5] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**